**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SAUL MANDUJANO VARGAS,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | Nos. 19-71645<br> 20-70802<br><br>Agency No. A200-247-039<br><br>MEMORANDUM[*] |

On Petition for Review of Orders of the
Board of Immigration Appeals

Submitted April 20, 2021[**]

Before: THOMAS, Chief Judge, TASHIMA and SILVERMAN, Circuit Judges.

Saul Mandujano Vargas, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for withholding of removal

and relief under the Convention Against Torture ("CAT") (petition No. 19-71645)

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

and the BIA's order denying his motion to reopen and remand removal proceedings (petition No. 20-70802). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We review de novo claims of due process violations in immigration proceedings. *Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014). We review for abuse of discretion the BIA's denial of a motion to reopen and remand. *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005). We deny in part and dismiss in part petition No. 19-71645. We deny petition No. 20-70802.

As to petition No. 19-71645, substantial evidence supports the agency's determination that Mandujano Vargas failed to establish the harm he experienced or fears was or would be on account of a protected ground. *See Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011) (even if membership in a particular social group is established, an applicant must still show that "persecution was or will be *on account of* his membership in such group"); *Sagaydak v. Gonzales*, 405 F.3d 1035, 1042 (9th Cir. 2005) (to establish a nexus to a political opinion, petitioner must show "(1) that [he] had either an affirmative or imputed political opinion, and (2) that [he was] targeted *on account of* that opinion."); *see also Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members

bears no nexus to a protected ground"). We lack jurisdiction to consider Mandujano Vargas' contentions concerning the cognizability of a returnee-based particular social group and a pattern or practice of persecution in Mexico. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to consider claims not raised to agency).

Substantial evidence also supports the agency's denial of CAT relief because Mandujano Vargas failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009). Mandujano Vargas' contention that the agency evaluated his claim under an incorrect standard fails as unsupported by the record. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and substantial prejudice to prevail on a due process claim).

Thus, the government's motion for summary disposition of this petition for review (Docket Entry No. 19) is granted because the questions raised in the opening brief are so insubstantial as not to require further proceedings. *See* 9th Cir. R. 3-6(a) (stating standard for summary disposition); *see also United States v. Hooton*, 693 F.2d 857 (9th Cir. 1982).

As to petition No. 20-70802, the BIA did not abuse its discretion in denying Mandujano Vargas' motion to reopen and remand where the evidence offered with his motion was available prior to his hearing. *See* 8 C.F.R. § 1003.2(c)(1) (a

motion reopen proceedings "shall not be granted unless [the new evidence] . . . is material and was not available . . . at the former hearing"); *Romero-Ruiz v. Mukasey*, 538 F.3d 1057, 1063 (9th Cir. 2008) ("The formal requirements of a motion to remand and a motion to reopen are the same.").

The temporary stay of removal remains in place until issuance of the mandate. The motion for a stay of removal (Docket Entry No. 1) is otherwise denied.

**No. 19-71645: PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

**No. 20-70802: PETITION FOR REVIEW DENIED.**